UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SONJA EDWARDS,

    Plaintiff,

v.

MTGLQ INVESTORS L.P.,
NATIONSTAR MORTGAGE LLC,
SUNTRUST MORTGAGE INC.,
MCCABE, WEISBERG, CONWAY P.C.,
RAS CITRON

    Defendants.

Civ. No. 2:17-cv-06630 (KM) (MAH)

OPINION

## KEVIN MCNULTY, U.S.D.J.:

Sonja Edwards, as borrower and property owner, brings this *pro se* action against mortgagees, MTGLQ Investors L.P. ("MTGLQ"), Nationstar Mortgage LLC ("Nationstar"), and SunTrust Mortgage Inc. ("SunTrust"). The attorneys for Nationstar—McCabe, Weisberg & Conway, P.C. and RAS Citron LCC—are named as defendants as well.[1] The action arises from a state court proceeding that resulted in a final judgment of foreclosure. Defendants MTGLQ and Suntrust move under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint on *Rooker-Feldman* jurisdictional grounds, and in the alternative under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim. (ECF nos. 15, 23) Ms. Edwards asserts claims for improper foreclosure and to vacate the judgment of foreclosure. She also asserts claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Fair Credit Report Act,

---

[1] A summons was returned executed as to MTGLQ. (ECF no. 12) A summons was returned unexecuted as to Nationstar. (ECF no. 13) In its motion to dismiss, SunTrust waived any argument as to improper service. (ECF no. 23-2, p. 7)

1

15 U.S.C. § 1681, and common law fraud. For the reasons stated below, the motions to dismiss will be granted.

## I. Background
### a. Factual chronology and procedural history of the state foreclosure proceedings[2]

The procedural history and key factual findings pertinent to the state foreclosure action are as follows:

1. Ms. Edwards purchased the property located at 98 South 12th Street, Newark, New Jersey 07107 ("the property") in 2006. She obtained a mortgage from SunTrust for $284,000.00, which was secured by the property. The mortgage was recorded on May 31, 2006 in the Essex County Clerk's Office. (ECF 23-4, pp. 2-3)
2. SunTrust assigned the mortgage to Mortgage Electronic Registration Systems, Inc. on May 21, 2007, which subsequently assigned the mortgage to Nationstar on May 22, 2013. (ECF 23-4, p. 3)
3. On July 9, 2014, Nationstar filed a Residential Mortgage Foreclosure Complaint with the Superior Court of New Jersey, Essex County (the "state court") under Docket No. F-027945-14 (the "foreclosure action"), naming Ms. Edwards as a defendant. (ECF no. 15-2, pp. 2-7). McCabe, Weisberg & Conway, P.C. filed the complaint on behalf of Nationstar; at some point RAS Citron, LLC., took over the representation.
4. On June 23, 2016, the state court entered a final judgment of foreclosure and issued a Writ of Execution. (ECF no. 15-3, pp. 2-6).
5. On February 7, 2017, the Sheriff of Essex County sold the mortgaged property at a public auction.[3] Nationstar was the successful bidder

---

[2] In summarizing the proceedings in the state court foreclosure action, I rely on copies of the pleadings and orders filed in that proceeding, which are attached to the complaint and defendants' papers. They are properly considered on this motion to dismiss. See Section II, infra.

[3] The complaint in this federal action, filed on August 30, 2017, seeks to enjoin the sheriff's sale. That relief was already moot as to the filing of this action.

and subsequently assigned its bid to MTGLQ. RAS Citron, LLC submitted the deed to the county register. (ECF no. 1-2, pp. 8-16, 20-22); (ECF 23-4, pp. 2-3)

6. On August 1, 2017, MTGLQ filed an ejectment action with the state court in relation to the property. (ECF no. 1-2, pp. 5-7)
7. On August 29, 2017, the state court issued a Writ of Possession, ordering any occupants of the property on the third floor to surrender possession to MTGLQ. (ECF no. 23-4, pp. 106-07)
8. On October 4, 2017, the state court issued another Writ of Possession, ordering any occupants of the property on the second floor to surrender possession to MTGLQ. (ECF no. 23-4, pp. 109-10)
9. On January 11, 2018, the state court in the foreclosure action issued orders staying eviction until February 7, 2018 and then April 1, 2018. (ECF no. 15-7)

### b. Allegations of the complaint

On August 30, 2017, Ms. Edwards filed a complaint in federal court. (ECF no. 1.)[4] The complaint asserts claims for improper foreclosure because the debt had been released and discharged; seeks to vacate the judgment of foreclosure; and claims that she moved to dismiss the foreclosure in March 2016 and did not receive notification of the February 2017 Sheriff's sale until December 25, 2016. She also asserts claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Fair Credit Report Act, 15 U.S.C. § 1681, and common law fraud.

## II. Standard on a motion to dismiss

Defendants have moved to dismiss the complaint for lack of jurisdiction, citing the *Rooker-Feldman* doctrine (*see infra*). Rule 12(b)(1) governs

---

[4] Ms. Edwards did not pay the requisite filing fee, and did not file an application for *in forma pauperis* status until October 19, 2017. (ECF no. 4) That application was granted and the complaint was deemed filed on October 23, 2017. (ECF no. 5)

3

jurisdictional challenges to a complaint. These may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438; *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). As to a facial jurisdictional attack, then, the standard is similar to the one that applies to an ordinary motion to dismiss under Rule 12(b)(6).

As it happens, defendants have also moved to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.*

4

at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

With allegations of fraud, "a party must state with particularity the circumstances constituting fraud or mistake," although "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) ("A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" (quoting *In re Rockefeller Ctr. Props., Inc. Securities Litig.*, 311 F.3d 198, 217 (3d Cir. 2002))). In doing so, "a party must plead [its] claim with enough particularity to place defendants on notice of the precise misconduct with which they are charged." *United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 502 (3d Cir. 2017) (internal quotations and citations omitted).

Moreover, where the plaintiff, like Ms. Edwards, is proceeding *pro se*,[5] the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a

---

[5] A person named Debbie Littles purports to represent Ms. Edwards, at various times completing forms and signing documents for Ms. Edwards under a "POA" (presumably, power of attorney). (ECF no. 1, p. 5; ECF no. 1-1, p. 2; ECF no. 17-1, p. 5; ECF no. 17-4, p. 1) Debbie Littles has not entered an appearance in this case and may not be an attorney at all. (An online search of njcourts.gov yields no results for "D Littles" in the New Jersey roll of admitted attorneys.) She therefore is not entitled to represent Ms. Edwards as a client. *See* Local Civil Rule 101.1.

5

claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

In connection with the motions, both plaintiff and the defendants proffer materials extrinsic to the complaint. These consist of records of the state court foreclosure proceeding. These are cited, not for the facts contained therein, but only in order to establish the nature and scope of prior proceedings between the parties, and the rulings of the state court. Such records are subject to judicial notice. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *see generally* Fed. R. Evid. 201.

Even setting aside judicial notice, certain records of the foreclosure action may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("[A]n exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).[6]

---

[6] Indeed, where a complaint cites or is based on particular documents, whether or not they are physically attached, a defendant may submit and rely on such documents in its motion to dismiss. The reasons for the rule are (1) that the plaintiff, having relied on the document, cannot claim unfair surprise; and (2) the plaintiff cannot base a claim on a document while shielding the document itself from view. *See Burlington*, 114 F.3d at 1426. Here, the very substance of the complaint is based on the mortgage and the alleged impropriety of the state foreclosure proceedings. The mortgage, and the publicly filed pleadings and rulings of the court in those foreclosure proceedings, may therefore be considered.

### III. Analysis

#### a. *Rooker-Feldman*

Defendants first move, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine.

A federal district court does not sit to hear appeals from state court judgments. Under the *Rooker–Feldman* doctrine, lower federal courts are barred from hearing federal claims that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Guarino v. Larsen*, 11 F.3d 1151, 1156-57 (3d Cir. 1993); *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). The first alternative, actual adjudication, requires little explication. As for the second, a federal claim is "inextricably intertwined" with a prior state court decision if granting "the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling." *FOCUS v. Allegheny County Court of Common Pleas.*, 75 F.3d 834, 839-40 (3d Cir. 1996).

*Rooker-Feldman* thus operates to prevent a disgruntled party in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *See B.S. v. Somerset Cnty.*, 704 F.3d 250, 259-60 (3d Cir. 2013). In other words, *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

A final judgment of foreclosure was entered in the state court on June 23, 2016. (ECF no. 23-4, pp. 16-17) That state court judgment well preceded the filing of this federal action on August 30, 2017.[7] (ECF no. 1)

---

[7] Ms. Edwards submitted a complaint without the requisite filing fee on August 30, 2017, and it was officially deemed filed on October 23, 2017, when her

7

The question now is whether the claims in this federal court action are inextricably intertwined with that state foreclosure proceedings. The state foreclosure proceedings and judgment necessarily involved the following essential components: the validity of the mortgage; the alleged default; and the right to foreclose. *See Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 394, 622 A.2d 1353, 1356 (Ch. Div. 1993). Ms. Edwards alleges error with respect to these components of the state foreclosure proceedings and seeks relief that would void the state foreclosure judgment. Therefore, to grant the relief Ms. Edwards seeks would necessarily "require an inferior federal court to determine that the New Jersey court's judgment was erroneous and would foreclose implementation of that judgment." *E.B. v. Verniero*, 119 F.3d 1077, 1091 (3d Cir. 1997). Consequently, the issues must be regarded as inextricably intertwined. *See FOCUS*, 75 F.3d at 840; *see also In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (considering a post-foreclosure federal claim for rescission of a mortgage and describing how a finding that no valid mortgage existed would eliminate the basis for the prior state foreclosure judgment in contravention of the *Rooker-Feldman* doctrine).

Federal actions following state mortgage foreclosure judgments have frequently been the subject of *Rooker-Feldman* challenges on the ground that the two were inextricably intertwined, and that the federal complaint seeks to undermine or reverse the basis for the foreclosure. Typically, the plaintiff seeks rescission of the mortgage, reversal of the judgment of foreclosure, or an order barring a sheriff's sale. Such federal claims have routinely been dismissed under *Rooker-Feldman*. *See In re Madera*, 586 F.3d at 232 (claim for rescission); *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (claim that state court in foreclosure action lacked personal jurisdiction); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x. 716, 718 (3d Cir. 2010) (action predicated on "wrongful foreclosure"); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d

---

application to proceed *in forma pauperis* was granted. *See* n.4, *supra*. The distinction is immaterial; both dates are well after the June 23, 2016 foreclosure judgment.

8

Cir. 2005) (barring post-foreclosure federal claim for rescission of mortgage and damages); *Robinson v. Porges*, 382 F. App'x 133, 135 (3d Cir. 2010) ("complaint 'demands the return of his home as his own property with free and clear deed and title,' as well as actual and punitive damages. Such an award could only be made by reviewing and rejecting the state court judgments."); *Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008) (barring a claim for "redress" of state court judgment in a foreclosure action).

Under these precedents, Ms. Edwards's claims are barred. They share a central feature: all seek a declaration, or rely on the premise, that the foreclosure judgment was invalid. They implicate the validity of the proceedings leading to the foreclosure, as well as the foreclosure judgment itself. Thus, the complaint is fatally intertwined with the state court judgment. It is dismissed for lack of jurisdiction.

In the unlikely event that some of the claims pass the *Rooker-Feldman* threshold, I consider the alternative grounds for dismissal and turn from the Rule 12(b)(1) component of the motion to the Rule 12(b)(6) component.

### b. Fair Debt Collection Practices Act ("FDCPA")

Ms. Edwards claims that her injuries result from "FDCPA violations." (ECF no. 1). The FDCPA prohibits certain unfair or deceptive practices in connection with the collection of a debt. *See* 15 U.S.C. § 1692. These include misleading communications, harassing collection tactics, and the like. "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (internal citation omitted).

Ms. Edwards has not alleged any facts that support her allegation of a FDCPA violation, nor has she pointed to any particular provision of the FDCPA that defendants may have violated. (ECF no. 1) Even with the liberal

9

construction afforded *pro se* plaintiffs, Ms. Edwards's barebones assertion that there was an FDCPA violation fails to state a claim upon which relief can be granted. *See Thakar,* 372 F. App'x at 328 ("While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.") (internal citation omitted).

### c. Fair Credit Report Act ("FCRA")

The same can be said of Ms. Edwards's FCRA allegation, in which she simply lists "FCRA violations" as one of the alleged injuries she sustained without providing any further detail. The FCRA "require[s] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information" and aims to protect consumers from the transmission of inaccurate information about them. 15 U.S.C. § 1681(b); *see Cortez v. Trans Union, LLC,* 617 F.3d 688, 706 (3d Cir. 2010).

Here, the complaint "fails to allege facts from which a reader, even construing the complaint liberally, could glean the essential elements of the claim." *Gittens v. Sterling Jewelers Inc.,* No. 15-CV-5872 (KM), 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) (dismissing conclusory FCRA claim of *pro se* litigant for failing to meet the pleading requirements of *Twombly* and *Iqbal*). Ms. Edwards has not pointed to any consumer report from a consumer reporting agency that may have been problematic. Without more than a bare claim of "FCRA violations," and without any plausible inferences that could be drawn in Ms. Edwards's favor with respect to the necessary underlying factual allegations, the complaint fails to state a claim for an FCRA violation.

### d. Common law fraud

Ms. Edwards additionally asserts a claim for common law fraud. (ECF no. 1). The elements of fraud are (1) a material misrepresentation of present or past fact (2) with knowledge of its falsity (3) with the intention that the other party rely thereon (4) and which resulted in reasonable reliance by plaintiff. *Jewish Ctr. of Sussex County v. Whale*, 86 N.J. 619, 432 A.2d 521, 524 (1981).

The complaint does not identify or describe any misrepresentation, let alone a material one, nor does it make factual assertions regarding any of the other elements for fraud. This claim therefore fails to meet the usual standards of Fed. R. Civ. P. 8, described in Section II, *supra*, and *a fortiori* fails to satisfy the heightened pleading standard for a fraud claim under Rule 9(b). The complaint does not "allege the date, time [or] place of the alleged fraud or otherwise inject precision or some measure of substantiation into [the] fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

To the extent the complaint may be construed as alleging an independent claim of fraud, then, it is dismissed.[8]

### e. Other defendants

The complaint was originally received on August 30, 2017, and deemed filed on October 23, 2017. Although summonses issued (ECF no. 8), there is no indication on the docket that defendants SunTrust or McCabe, Weisberg & Conway, P.C. were served. The 90-day deadline to do so expired long ago, and there has been no request for an extension. The complaint is therefore dismissed as against those two defendants. *See* Fed. R. Civ. P. 4(m).

A summons was returned executed as to defendant RAS Citron LLC. (ECF no. 11) RAS Citron has not answered or otherwise moved in response to the complaint; on the other hand, no default has been sought or entered. The grounds for dismissal are primarily based on the court's lack of subject matter jurisdiction over the complaint as a whole, and are not particular to any

---

8     I do not reach other grounds asserted by the motions to dismiss, such as collateral estoppel.

defendant. Those jurisdictional grounds necessarily apply equally to RAS Citron, and a court is obliged to consider its subject matter jurisdiction even in the absence of a motion. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 572 (1977); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).[9]

The dismissal is therefore deemed final as to all claims and all defendants.

## IV. Conclusion

For the reasons set forth above, defendants' motions (ECF nos. 15, 23) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine are GRANTED without prejudice. To the extent that any claims, or parts of claims, seek relief that does not require negation of the foreclosure judgment, they are nevertheless dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated: September 5, 2018

Kevin McNulty
United States District Judge

---

[9] The alternative basis for dismissal under Rule 12(b)(6) involves claims that do not bear any discernible connection to RAS Citron LLC. (*See* Section III.b–d)